UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
RICHARD C. OLIVADOTI,                               :
                                                    :            12 Civ. 386 (PAE)
                                    Plaintiff,      :
                                                    :          OPINION & ORDER
                  -v-                               :
                                                    :
290 RIVERSIDE CO., LLC,                             :
                                                    :
                                    Defendant.      :
                                                    :
------------------------------------------------------------------------X


PAUL A. ENGELMAYER, District Judge:

        *Pro se* plaintiff Richard C. Olivadoti brings this action against his landlord, defendant

290 Riverside Co., LLC ("290 Riverside").  In his Amended Complaint, plaintiff brings 16

causes of action, stemming from his alleged exposure to mold, lead paint, and asbestos during

the course of his tenancy, as well as from defendant's alleged failure to provide notice of repairs

to plaintiff.  Plaintiff seeks $1.2 million in medical and emotional damages.

        Presently pending before the Court is defendant's motion to dismiss the Amended

Complaint, under Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter

jurisdiction, and 12(b)(5), for insufficient service of process.  For the reasons that follow,

defendant's motion to dismiss is granted.

I.    **Factual Background**[1]

Plaintiff is a tenant in a building owned by 290 Riverside.  The events alleged in his

Amended Complaint took place between August 2009 and February 2012.  Plaintiff alleges there

are lead paint, mold, and asbestos in his apartment and apartment building.  He claims that he

repeatedly informed defendant of these conditions, and the attendant health hazards, but that 290

Riverside did not take action in response to his complaints.  When 290 Riverside did perform

renovations in the building, he alleges it did not provide notice to residents and did not perform

the work with due care.  Plaintiff also alleges that, on November 28, 2011, defendant willfully

and knowingly contaminated his apartment with asbestos while defendant was performing

repairs to the heating system.  Plaintiff alleges that chunks of material found in a towel in his

apartment in the area where 290 Riverside was doing work were brought to a lab and confirmed

to be asbestos.  He also alleges that, on December 6, 2011, he had an on-site inspection

performed, which likewise confirmed the existence of asbestos and mold contamination in his

apartment.  Plaintiff alleges that he informed defendant of these positive test results in a letter,

but 290 Riverside did not take action in response, except that on January 13, 2012, the building

superintendent attempted to visit his apartment, but plaintiff denied him access.

II.    **Procedural History**

On January 18, 2012, plaintiff commenced this action.  On February 7, 2012, 290

Riverside filed a timely motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1)

and 12(b)(5).  On February 27, 2012, plaintiff exercised his option, available under this Court's

individual rules, to file an Amended Complaint in response to defendant's motion to dismiss.  On

---

[1] On a motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as
true.  The facts which form the basis of this Opinion are drawn solely from the Amended
Complaint.  Unless otherwise noted, no further citation will be provided.

March 20, 2012, defendant filed a timely motion to dismiss the Amended Complaint, again pursuant to Rules 12(b)(1) and 12(b)(5).  On April 17, 2012, that motion became fully briefed. On April 23, 2012, plaintiff filed a brief styled as motion to deny defendant's motion to dismiss and to uphold the Amended Complaint.  On April 26, 2012, defendant filed a response to that motion.

### III.   Discussion

#### A.  Subject Matter Jurisdiction

The Court first considers defendant's argument to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Zahl v. Kosovsky*, No. 08-cv-8308, 2011 U.S. Dist. LEXIS 22028, at *14 (S.D.N.Y. Mar. 3, 2011) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)) (internal quotation marks omitted).  A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists.  *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011).

Because plaintiff is proceeding *pro se*, the Court must "construe liberally" his complaint and any further pleadings, and "interpret them to raise the strongest arguments that they suggest."  *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) [sum. order] (internal quotation marks and citation omitted).  However, the Court is not at liberty to analyze subject matter jurisdiction under an accommodating standard, regardless of plaintiff's *pro se* status.  *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) ("Without [statutory

intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.").

In determining subject matter jurisdiction, the Court analyzes whether there is diversity jurisdiction, which exists when a lawsuit is between parties of diverse state citizenship and exceeds the required jurisdictional amount, currently $75,000, or federal question jurisdiction, which exists where a plaintiff has pleaded a colorable claim "arising under" the Constitution or laws of the United States.  U.S. CONST. art. III, § 2; 28 U.S.C. § 1332(a); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000).  Here, plaintiff does not assert diversity jurisdiction, nor does it exist, inasmuch as both plaintiff and defendant are residents of New York State.  To determine if it has subject matter jurisdiction, the Court must therefore determine whether any of plaintiff's claims arise under the Constitution or laws of the United States.  In addition to a general claim in the Amended Complaint that federal laws apply to this case, plaintiff asserts federal jurisdiction under multiple federal statutes.  The Court considers them in turn.

### 1. Occupational Safety and Health Act

Plaintiff alleges that defendant violated 29 C.F.R. § 191.101(j),[2] 29 C.F.R. § 1926, regulations promulgated by the Occupational Safety and Health Administration ("OSHA") governing toxic substances in the workplace, and other unspecified OSHA regulations.  In deference to plaintiff's *pro se* status, the Court liberally construes the Amended Complaint to also raise claims under the Occupational Safety and Health Act of 1970 ("OSH Act"), which created OSHA.  The purpose of the OSH Act is, *inter alia*, "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions."  29 U.S.C. §

---

[2] The part of the Code of Federal Regulations to which plaintiff cites does not exist.  However, Title 29 deals with labor issues, and contains OSHA regulations.  Thus, the Court considers this claim in tandem with plaintiff's claims asserted under other OSHA regulations.

651(b).  The OSH Act applies to workplace conditions.  Here, plaintiff makes no claim that 290

Riverside is his employer, or that the apartment building is his workplace.  To the contrary, his

Amended Complaint asserts that 290 Riverside is his landlord, and that this dispute is over

conditions in the apartment in which he lives.  Thus, the OSH Act, and the regulations

promulgated thereunder, are inapplicable to this dispute.

In any event, the OSH Act does not give rise to subject matter jurisdiction because it does

not provide a private right of action.  *See Jelenic v. Campbell Plastics*, 159 F.3d 1347, at *2

(table) (2d Cir. 1998); *Donovan v. Occupational Safety & Health Review Comm'n*, 713 F.2d 918,

926 (2d Cir. 1983); *Rompalli v. Portnova*, No. 09-cv-3083, 2010 U.S. Dist. LEXIS 50441, at *5

(S.D.N.Y. May 21, 2010).  This Court does not have jurisdiction to hear a claim brought by a

citizen attempting to enforce the OSH Act or OSHA regulations.

### 2.  Toxic Substances Control Act

Plaintiff also brings claims under sections 402 and 404 of the Toxic Substances Control

Act ("TSCA") and 40 C.F.R. § 745, Subpart E, a regulation promulgated thereunder known as

the "Renovation, Repair and Painting Rule."  The TSCA does include a citizen suit provision,

which provides a private cause of action in federal district court against any person alleged to be

in violation of specified portions of the Act, or regulations promulgated thereunder.  15 U.S.C. §

2619(a).  However, the citizen suit provision allows such suits to commence only if 60 days or

more have elapsed since the putative plaintiff has given notice of the violation to both the U.S.

Environmental Protection Agency ("EPA") Administrator and to the person who is alleged to

have committed the violation.  15 U.S.C. § 2619(b); *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20,

23 n.1 (1989).  The notice and the 60-day delay requirements are mandatory conditions

precedent to a civil suit under the TSCA.  *See In re Methyl Tertiary Butyl Ether Prods. Liab.*

*Litig.*, 559 F. Supp. 2d 424, 430-31 (S.D.N.Y. 2008); *cf. Hallstrom*, 493 U.S. at 31, 23 n.1 (finding mandatory analogous notice and delay provisions under the Resource Conservation and Recovery Act).

Plaintiff's Amended Complaint does not attest that notice of the alleged violations was given to the EPA Administrator.  Accordingly, the Court cannot find that the mandatory notice and delay requirements have been satisfied.  The TSCA, therefore, is not a viable source of subject matter jurisdiction.

### 3.  Clean Air Act

Plaintiff alleges violations of regulations promulgated under the Clean Air Act ("CAA"), entitled the National Emission Standards for Hazardous Air Pollutants.  Like the TSCA, the CAA includes a citizen suit provision, which authorizes a private cause of action in federal district court against any person alleged to have violated (1) an emission standard or limitation or (2) an order issued by the EPA Administrator or a State with respect to such a standard or limitation.  42 U.S.C. § 7604(a).  However, as with the TSCA, to commence a private civil suit under the CAA, the putative plaintiff must first provide notice of the violation to the EPA Administrator and the alleged violator no fewer than 60 days before filing suit.  *Id.*; *Friends of the Earth v. Carey*, 535 F.2d 165, 170 (2d Cir. 1976); *U.S. EPA ex rel. McKeown v. Port Auth. of N.Y. & N.J.*, 162 F. Supp. 2d 173, 181-82 (S.D.N.Y. 2001).

Plaintiff's Amended Complaint does not claim that he provided notice of the alleged violations to the EPA Administrator.  Accordingly, the notice and delay requirements of the CAA citizen suit provision have not been satisfied, and the CAA does not provide a basis for subject matter jurisdiction in this case.

### 4. Miscellaneous

Plaintiff also brings claims under regulations promulgated pursuant to the Environmental Protection Act, specifically, "EPA Title 40 Subparts D, E, F, and L."  Title 40 of the CFR covers "Protection of the Environment"—its Subpart D covers water programs, Subpart E covers pesticide programs, Subpart F covers radiation protection programs, and Subpart L does not exist.  None of the subparts listed, on their face, relate to plaintiff's claims.  Nor does plaintiff provide sufficient information for this Court to understand what portions of these subparts defendant has supposedly violated, or how.

Because plaintiff does not plead a colorable federal claim, the Court lacks subject matter jurisdiction and cannot hear this action.  For this reason, the Amended Complaint must be dismissed.

### B. Improper Service

Defendant also moves to dismiss for improper service under Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4 sets forth the rules applicable to service of process.  Rule 4(h) provides that, absent a waiver, a domestic corporation must be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(e), (h).

New York law states that service of process on any limited liability company, such as 290 Riverside:

> shall be made by delivering a copy personally to (i) any member of
> the limited liability company in this state, if the management of the
> limited liability company is vested in its members, (ii) any
> manager of the limited liability company in this state, if the
> management of the limited liability company is vested in one or
> more managers, (iii) to any other agent authorized by appointment
> to receive process, or (iv) to any other person designated by the
> limited liability company to receive process, in the manner
> provided by law for service of a summons as if such person was a
> defendant.

N.Y. C.P.L.R. § 311-a(a).  Proper service may also be effectuated through service upon the

secretary of state.  N.Y. L.L.C. § 301.

Where a defendant contests personal jurisdiction based on improper service of process,

the plaintiff bears the burden of proving adequate service.  *J.G. ex rel. J.G. v. Bd. of Educ. of*

*Briarcliff Manor Union Free Sch. Dist.*, No. 07-cv-7245, 2008 U.S. Dist. LEXIS 62381, at *6

(S.D.N.Y. Aug. 14, 2008); *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986);

*see also Lamar v. Am. Basketball Ass'n*, 468 F. Supp. 1198, 1201 (S.D.N.Y. 1979).  Defective

service is not cured or overcome "'on the mere assertion that a defendant had actual notice.'"

*J.G. ex rel. J.G*, 2008 U.S. Dist. LEXIS 62381, at *6-7 (quoting *Weston Funding, LLC v.*

*Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)); *see also*

*FDIC v. O'Connor*, No. 94-cv-4218, 2008 U.S. Dist. LEXIS 49219, at *3 (S.D.N.Y. June 24,

2008).

It is undisputed that the Complaint and the Amended Complaint in this action were

served only by mail upon the law firm of Wilson Elser Moskowitz Edelman & Dicker ("Wilson

Elser"), defendant's counsel for the limited purpose of litigating the motion to dismiss.  Wilson

Elser is not an agent authorized by 290 Riverside to receive process on its behalf, and mail is not

an acceptable method of service for corporations under Fed. R. Civ. P. 4 or for limited liability

companies under New York law.  Accordingly, plaintiff's service of process was improper.  It is

not enough that Wilson Elser represents defendant for the purposes of this motion to dismiss, *see Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990), or that 290 Riverside had actual notice of plaintiff's lawsuit, *see Bogle-Assegai v. Conn.*, 470 F.3d 498, 508 (2d Cir. 2006). Because plaintiff has failed to establish proper service, the Amended Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss the Amended Complaint is GRANTED and plaintiff's motion to deny defendant's motion to dismiss and uphold the Amended Complaint is DENIED. The Clerk of Court is instructed to terminate the motions pending at docket entries 15 and 20, and to close this case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 8, 2012
       New York, New York